925 F.2d 1465
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tony M. PRATHER, Plaintiff-Appellant,
v.
Joe CHILDS, Jailer, McCracken County Jail, Medical Staff,
McCracken County Jail, Defendants-Appellees.
 No. 90-5681.
 United States Court of Appeals, Sixth Circuit.
 Feb. 21, 1991.
 ORDER
 
 1
 Tony M. Prather, a pro se Kentucky prisoner, appeals the district court's judgment in favor of the defendant in his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary relief, Prather sued the jailer and the medical staff of McCracken County (Kentucky) Jail. He alleged that he was improperly treated by the medical staff for an infected stitch during the time he was incarcerated at the jail. He further alleged that he was not treated during his subsequent incarcerations at the Kentucky State Reformatory and Rotory Farms. Finally, a doctor at Luther Luckett Correctional Complex removed the infected stitch, after which Prather's wound began to heal. Prather sought $500,000 compensation for pain and suffering.
 
 
 3
 Prather received a jury trial on his claim in the district court. Prior to commencement of the trial, Prather stated that he wished to proceed against only defendant Childs, the jailer. The jury returned a verdict in favor of Childs on May 8, 1990.
 
 
 4
 On appeal, Prather continues to argue the merits of his claim. He further argues that the district court improperly imposed the defendants' failure to comply with the court's discovery order and overruled Prather's objection to the admission of certain documentary evidence. Finally, Prather argues that the all-white jury was "highly prejudicial" to his case. Prather requests the appointment of counsel in his brief.
 
 
 5
 The jury having returned a verdict for defendant Childs, Prather is foreclosed from rearguing the merits of his claim. His remaining issues are also without merit. He has failed to show prejudice to his case or abuse of discretion in the defendants' failure to timely serve on him a witness list and in the court's admission of the jail medical records. Finally, Prather has failed to establish a prima facie case of discriminatory jury selection. See United States v. McCoy, 848 F.2d 743, 745 (6th Cir.1988). The fact that there is a constitutional right to a system of jury selection that is not purposefully discriminatory does not entail a right to a jury of any particular racial composition. City of Mobile, Alabama v. Bolden, 446 U.S. 55, 77 n. 24 (1980).
 
 
 6
 Accordingly, the request for counsel is denied and the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 7
 ---------------
 
 
 
 * The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation.